IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STACEY F. McCOWN, individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.             CIVIL ACTION NO. 3:14-27719

NGS, INC., a West Virginia Corporation,
NGS, INC., a West Virginia Corporation d/b/a
BUDGET INN, NGS, INC., a West Virginia
Corporation d/b/a AMERICAN INN,
NAVNIT G. SANGANI, individually and as
officer of NGS, INC., and John Doe Corporations,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1447. ECF No. 4. For reasons explained below, Plaintiff's Motion to Remand is granted in part and denied in part. The Court **GRANTS** Plaintiff's request to remand and **DENIES** Plaintiff's request for reasonable costs and attorney fees incurred as a result of Defendant's improper removal.

 **I.**  **Background**

Plaintiff originally brought this action in the Circuit Court of Putnam County, West Virginia, seeking recovery under West Virginia common law and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). After filing of Plaintiff's Amended Class Action Complaint, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1446, and 1453,

bringing the case before this Court on November 6, 2014. Defendants base removal jurisdiction on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

According to Plaintiff's Amended Class Action Complaint, the estimated class the Plaintiff seeks to represent would include around 100 individuals. ECF No. 1-1 at ¶41. In defining that class, Plaintiff's Amended Class Action Complaint includes the following relevant paragraphs:

> 38. Plaintiff McCown brings this suit for herself and for a class consisting of the business invitees whom rented motel rooms and were customers of the Defendants in the State of West Virginia who occupied Defendant Sangani's motels on or after March 31, 2010.
>
> 39. Plaintiffs consist of business invitees whom rented motel rooms from the Defendants and were subjected to Defendants' unconscionable and substandard motel room living conditions due to infestation of bed bugs and other filth on or after March 31, 2010.
>
> 40. Plaintiff Stacy McCown adequately represents the class of persons defined above. The represented class is narrowly and appropriately defined as the group of West Virginia customers and occupants at Defendant Sangani's motels on or after March 31, 2010. Also, the proposed class members experienced and suffered from the very same business practices and conduct instituted by the Defendant.

ECF No. 1-1 at 58.

In considering the instant motion, the Court will first review federal jurisdiction requirements under CAFA and the authority of a plaintiff to define the scope of a proposed class. Next the Court will apply these principles to analysis of Plaintiff's Second Amended Complaint to determine whether CAFA jurisdiction exists or remand to state court is appropriate.

## II. Removal Jurisdiction and the Class Action Fairness Act

"The removal statute, 28 U.S.C. § 1441(a), requires that a case 'be fit for federal adjudication at the time the removal petition is filed.'" *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156, 159 (4th Cir. 2010) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)). Thus, "[t]he removability of a case 'depends upon the state of the pleadings and the record at the

time of the application for removal.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Alabama Great S. Ry. Co. V. Thompson*, 200 U.S. 206, 216 (1906)).

Under the Class Action Fairness Act of 2005 (CAFA), federal "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000" and, among other possibilities, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA further requires that the plaintiff class include at least 100 members. 28 U.S.C. § 1332(d)(5). CAFA does not "alter the long-standing rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006); *see also Strawn v. AT&T Mobility LLC*, 530 F.3d 293 (4th Cir. 2008); *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 734 (4th Cir. 2009). Thus, Defendant bears the burden of showing that CAFA's three jurisdictional requirements are met: (1) class size; (2) amount in controversy; and (3) minimal diversity—a factor particularly at issue in resolving the instant motion.

Defendants direct the Court's attention to *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013), for the proposition that a plaintiff may not limit the geographic scope of the class for jurisdictional purposes. Def.'s Response, ECF No. 9 at 9–12; *see also Rodriguez v. AT&T Mobility Services, LLC.*, 728 F.3d 975 (9th Cir. 2013) (overruling *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 999 (9th Cir. 2007)) ("A lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class members"). In *Knowles*, the Supreme Court considered whether a plaintiff, on behalf of an as yet uncertified class, could limit on the amount of damages sought just below CAFA's jurisdictional threshold in order to avoid removal to federal court. *Id.* at 1348–49. Ultimately, the Supreme Court determined a plaintiff could not avoid federal court by improperly limiting potential damages on behalf of unnoticed and unidentified

class members, explaining that doing so would "treat a nonbinding stipulation as if it were binding, exalt form over substance, and run counter to CAFA's objective: ensuring 'Federal court consideration of interstate cases of national importance.'" *Id.* at 1350.

Contrary to Defendants' representations, however, *Knowles* does not stand for the principle that a plaintiff may never limit her class for some purpose, jurisdictional or otherwise. As already recognized elsewhere, the holding of *Knowles* narrowly concerns a plaintiff's effort to avoid federal jurisdiction by entering nonbinding stipulations regarding the amount in controversy. *See e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 886 (11th Cir. 2013) ("The holding of *Knowles*, which concerns a different section of the statute, plainly does not address the issue presented in this case"); *Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014) (finding *Knowles* inapposite to the question of whether named plaintiffs may avoid removal by stating in "their complaints that they do not intend to try their cases jointly"). Further explaining the limits to *Knowles*, the Eleventh Circuit stated that the holding in *Knowles* only "pertains to the amount-in-controversy requirement" and "cannot be read to suggest that all sections of CAFA strip plaintiffs of their traditional role as masters of their complaint." *Scimone*, 720 F.3d at 886.

Defendants' overbroad reading of *Knowles* is not saved by reference to *Rodriguez v. AT&T Mobility Services, LLC.*, 728 F.3d 975 (9th Cir. 2013). In *Rodriguez*, the Ninth Circuit did little more than reconsider its earlier standard requiring a defendant to prove the amount in controversy to a legal certainty. *Rodriguez*, 728 F.3d at 977. The Ninth Circuit held that, in light of *Knowles*, the appropriate standard is instead that a defendant prove the amount in controversy by a preponderance of the evidence. *Id.* Following *Rodriguez*, a plaintiff remains the "master of her complaint," with only the exception that a plaintiff no longer has the "'prerogative . . . to forgo a

-4-

potentially larger recovery to remain in state court.'" *Rodriguez*, 728 F.3d at 980 (quoting *Lowdermilk*, 479 F.3d at 999).

Defendant poses the question, "what authority grants Plaintiff the right to plead in a manner than abandons approximately thirty-six thousand four hundred ninety claims in favor of the eight thousand ten claims of West Virginia citizens." Def.'s Response, ECF No. 9 at 12. More appropriately, Defendant ought ask what authority is there to *force* a plaintiff to plead in a manner than *includes* tens of thousands of class members, scattered as far as the fifty states. As reviewed above, this is certainly not a requirement forced by *Knowles* and *Rodriguez*. Without a supporting citation, Defendant offers that "[Plaintiff] represents the interests of the class, and [her] choices significantly affect other individuals" in support of forcing Plaintiff to include all customers that stayed at Defendants' hotel during the relevant time period. While a plaintiff may not forgo potentially greater recovery on behalf of a class, it remains axiomatic that the plaintiff is otherwise the master of her complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005). Accordingly, it remains within a plaintiff's discretion to craft a geographically limited class—a practically reasonable and even common option—leaving only the question of whether Plaintiff has done so here.

### III. Analysis

In the instant case, federal jurisdiction under CAFA conclusively turns on whether or not Defendants have met their burden of establishing that minimal diversity exists between the parties. Plaintiff argues that this proceeding only "seeks to recover damages on behalf of West Virginia residents, exclusively under the laws of West Virginia, against West Virginia Defendants." Pl.'s Mem., ECF No. 7 at 1. Defendants agree that Plaintiff's First Amended Complaint limited the

purported class such that "removal under [CAFA] was not proper as Plaintiff alleged a class consisting of solely West Virginia residents." Notice of Removal, ECF No. 1 at ¶12. However, Defendants then assert that the addition of Paragraph 39 to Plaintiff's Amended Class Action Complaint destroys the previously narrow West Virginia class, instead establishing an interstate class of plaintiffs.

As recognized by Defendants, Paragraphs 81 and 82 of the First Amended Complaint limited the class to solely West Virginia residents. Though not directly discussed in Defendants' Notice of Removal, these limiting paragraphs in the First Amended Complaint were not abandoned in the Amended Class Action Complaint, but remain plainly included and merely renumbered. Paragraph 40 of the Amended Class Action Complaint is a verbatim recital of Paragraph 81 in the earlier complaint, in which Defendants recognized the absence of federal jurisdiction. Paragraph 38 of the Amended Class Action Complaint similarly recites the earlier Paragraph 82, with the addition of nine words, here marked in italics:

> Plaintiff McCown brings this suit for herself and for a class consisting of *the business invitees whom rented motel rooms and were* customers of the Defendants in the State of West Virginia who occupied Defendant Sangani's motels on or after March 31, 2010.

The language "customers of the Defendant in the State of West Virginia" remained in the Complaint through its multiple iterations.

Given the functionally unchanged substance of Paragraphs 38 and 40 (formerly Paragraphs 81 and 82), Defendants quite sensibly do not base CAFA jurisdiction on those paragraphs. Instead, Defendants represent that this Court has jurisdiction over the Amended Class Action Complaint owing to the addition of Paragraph 39, which reads:

> Plaintiffs consist of business invitees whom rented motel rooms from the Defendants and were subjected to Defendants' unconscionable and substandard

> motel room living conditions due to infestation of bed bugs and other filth on or after March 31, 2010.

According to Defendants, the addition of Paragraph 39 destroys the limitations on the geographic scope of the class otherwise present in Paragraphs 38 and 40. Fundamental interpretive principles, however, prevent the Court from reaching the same conclusion.

As briefed by Defendants, "[w]ritten documents 'must be construed as a whole, effect being given, if possible, to all parts of the instrument.'" Def. Response Brief, ECF No. 9 at 4 (quoting Syl. Pt.4, *White v. AAMG Const. Lending Ctr.*, 700 S.E.2d 791 (W.Va. 2010)). "Specific words or clauses . . . are not to be treated as meaningless, or to be discarded, if any reasonable meaning can be given to them . . ." Syl. Pt. 3, *Dunbar Fraternal Order of Police, Lodge No. 119 v. City of Dunbar*, 624 S.E.2d 586 (W.Va. 2005). It is apparently Defendants' suggestion that these principles would recommend that the Court credit a reading of the Amended Class Action Complaint that gives full attention to Paragraph 39, regardless of the limiting language in the surrounding paragraphs. However, such a reading of the Amended Class Action Complaint would fail to give effect to Paragraphs 38 and 40, essentially treating the limiting phrases therein as meaningless and to be discarded.

Instead, under these principles, it is clear to the Court that the Amended Class Action Complaint is better read as urged and purportedly intended by Plaintiff. Construed as a whole, the relevant paragraphs are all afforded meaning if the limiting language offered in Paragraphs 38 and 40 is understood to similarly constrain the class as it is discussed in the intervening Paragraph 39. Accordingly, the purported class is limited to residents of West Virginia that were Defendants' customers in the relevant time period. So defined, there is no minimal diversity between Defendants and the plaintiff class, and the case was improperly removed to federal court without any basis for federal jurisdiction.

## IV. Reasonable Costs and Attorney Fees

CAFA does not expressly provide for an award of reasonable costs or attorney fees upon improper removal. Instead, any award of attorney fees upon improper removal is authorized under the general removal statute. 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140. In the end, reasonableness is the standard by which the request must be evaluated. *Id*. "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. (citations omitted).

Though Plaintiff asserts that Defendants removed this case merely for tactical purposes and with full knowledge that federal jurisdiction is lacking, the Court instead trusts that Defendants based removal on an arguably thin, but nonetheless objectively reasonable interpretation of Plaintiff's Amended Class Action Complaint. Accordingly, this Court denies Plaintiff's request for an award of costs and attorney fees related to removal and remand.

### V. Conclusion

Acknowledging that the Amended Class Action Complaint is not the fount of clarity that attorneys might strive for, construed as a whole, it does offer sufficient support to Plaintiff's claim that a geographically constrained class is intended. Moreover, by function of judicial estoppel, moving forward Plaintiff will be limited to representing only the narrowly defined class of West Virginia residents claimed before this Court.

For the foregoing reasons, Plaintiff's Motion to Remand is granted in part and denied in part. The Court **GRANTS** Plaintiff's request for remand and **REMANDS** this matter to the Circuit Court of Putnam County, West Virginia; and the Court **DENIES** Plaintiff's request for attorney fees and costs.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 16, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE